**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| vs. ) | Case No: 1:23-cr-00116-JDB |
| ) | |
| **NDUBUISI OKAFOR, MD,** ) | |
|       **Defendant,** ) | |
| _____ ) | |

**MOTION TO SUPPRESS EVIDENCE DERIVED FROM COMPUTERS, PHONE, iCLOUD AND/OR SOCIAL MEDIA ACCOUNT SEARCHES**

COMES NOW, the Defendant, NDUBUISI OKAFOR, MD, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, PC and hereby moves the Court to suppress any and all information obtained or derived from the search of the Defendant's computers, cell phones, and iCloud accounts. In support thereof, Defendant submits that the searches violated the probable cause and particularity requirements mandated by the United States Constitution, and therefore said evidence must be suppressed:

**Background:**

Law enforcement executed search warrants on various locations and possessions of Dr. Okafor, including but not limited to computers, phones and iCloud and/or social media accounts. The attachment to the affidavit authorized searches of computers and phones for any information on an electronic or magnetic device.

**Legal Analysis:**

Courts across the nation now recognize that the Fourth Amendment's particularity requirements dictate that search warrants seeking authorization to conduct forensic searches or testing on electronic devices (including cell phones) must not only specify the information to be seized with particularity in addition to the probable cause basis to do so, but also must sufficiently

1

describe the search methodology the government plans to employ to lawfully execute the search.

*In re Search of Black iPhone 4,* 27 F. Supp. 3d. 74 (D.D.C. 2014) (denying the government's cell-phone search warrant based on the government's "use of boilerplate language" in the warrants, the overbreadth of the government's request for "all records contained in the cellular telephones," and the government's failure to explain to the Court "what the basis for probable cause was to search for each thing it intended to seize, and how it would deal with the issue of intermingled documents").

The search of a cell phone must be confined in scope to particularly describe the evidence relating to a specific crime for which there is demonstrated probable cause. If the police have probable cause for electronic data stored on one specific type of application, for example, then it is the judge's neutral and detached duty to issue a search warrant that authorizes a limited search of only that particularly described evidence that is supported by probable cause. As has been long established, "[a]s to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States,* 275 U.S. 192, 196 (1927).

Thus, Courts are routinely finding that the answer to ensure that search warrants for cell phones meet the Fourth Amendment's particularity guarantee is to require the Government to provide a search protocol that sufficiently sets forth the methodology the Government will employ to ensure that the search does not exceed the Fourth Amendment's probable- cause and particularity requirements. The court will not approve a search warrant for electronically stored information that does not contain an appropriate protocol delineating what procedures will be followed to address the Fourth Amendment issues. A protocol for forensic review of a device that stores data electronically must make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, or other electronically stored

information that are identified with particularity in the warrant while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

Here, the property, person, and data search warrants each failed to place any limit on the scope of the searches and seizures of the cell phones and electronic information therein. Each search warrant also lacked any scientific methodology-i.e., a search protocol- that would have limited the breadth of the permissible searches and seizures. Because the warrants were so lacking in particularity, the searches, and seizures of the computer and phone and electronic data contained therein, as well as ordering the company to provide the complete iCloud and/or social media information, constituted general search warrants that violated the Fourth Amendment's particularity and probable-cause guarantees, rendering the search warrants fatally defective.

When this Court examines the warrants utilized to seize and search Dr. Okafor's computers and phones, it is clear that said searches were, in effect, general searches authorizing the seizure of evidence far beyond what the Constitution allows. Therefore, Dr. Okafor requests that the evidence seized and/or obtained be suppressed.

> Respectfully submitted,
> **THE IWEANOGES FIRM, P.C.**
>
> By: ꞏ/s/JohnOIweanogeII/s/ꞏ
> John O. Iweanoge, II, Esquire
> IWEANOGE LAW CENTER
> 1026 Monroe Street, NE
> Washington, DC 20017
> Phone: (202) 347-7026
> Fax: (202) 347-7108
> Email: joi@iweanogesfirm.com
> Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 17th day of June 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing and a copy of the filing to all counsel of record.

                                                            _/s/JohnOIweanogeII/s/_____
                                                          John O. Iweanoge, II, Esquire