IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No: 1:23-cr-00116-JDB |
| V.  ) | |
| ) | Pretrial: 9/27/2024 |
| NDUBUISI OKAFOR, MD  ) | |
| ) | Trial: 10/14/2024 |
| Defendant.  ) | |
| ……………………………………………) | |

## DEFENDANT NDUBUISI OKAFOR'S OKAFORS' REQUEST FOR A JAMES HEARING

COMES NOW, the Defendant, Ndubuisi Okafor M.D., through counsel of record, John O. Iweanoge, and respectfully moves the Court to conduct a *James* hearing. In support thereof, Defendant would show the Court as follows:

1. Review of the discovery provided to date shows that each and every patient and listed co-conspirator lied to Dr. Okafor in order to obtain more pain medication than they needed. Each claimed they were in pain and each claimed a prior Doctor had provided certain medications. Nowhere in the discovery provided is there any indication that any patient told Dr. Okafor that a patient of his was selling his meds. There is evidence that Dr. Okafor fired patients when he suspected diversion of medications. Therefore, an agreement with the co-defendants is needed to admit co-conspirator hearsay and there is none.

2. On October 22, 2014, Dr. Okafor called the DEA diversion investigator to inquire if a particular patient was suspected of diverting his medication. The DEA diversion investigator, knowing that particular patient was selling his meds, told Dr. Okafor it was just a misunderstanding with the pharmacist and none of his patients were suspected of diversion. There is nothing to indicate that a patient told Dr. Okafor that diversion or selling of medication received from him was taking place. There is no direct evidence in any discovery provided that

Dr. Okafor knowingly conspired with any patient to sell controlled substances. The Government's case is built on a theory of guilt by negligence and that he "should have known."

3. The Fifth Circuit in *United States v. James*, 590 F.2d 575 (5th Cir. 1979) recommended that in most cases the Government should be required to prove the foundational elements of co-conspirator hearsay in a pre-trial hearing. Further, "Allowing the government the leisure to connect up the foundation to the proof at a later time substantially increases the risk that the jury will be exposed to inadmissible evidence that is highly prejudicial. In such instances a mistrial will often be required to eliminate the prejudice a cautionary instruction cannot cure, resulting in the inevitable serious waste of time, energy, and efficiency that accompanies a mistrial." *United States v. Howard*, 706 F.2d 267, 270 (8th Cir. 1983).

WHEREFORE, Defendant requests a hearing to prove the foundational elements for admission of alleged co-conspirator statements.

Respectfully submitted,


\_\_/s/John O. Iweanoge  
John O. Iweanoge, II  
Iweanoge Law Center  
1026 Monroe Street, NE  
Washington, DC 20017  
Phone: (202) 347-7026  
Fax: (202) 347-7108  
Email: joi@iweanogesfirm.com

*Attorney for Ndubuisi Okafor*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** this **17th**, day of **June**, **2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) continuing service to all interested parties and attorneys of record:

s/ John O. Iweanoge
John O. Iweanoge #439913
Attorney for Ndubuisi Okafor