## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CriminalNo:1:23-cr00116-DB |
| | ) | Pretrial: 9/27/2024 |
| v. | ) | Trial: 10/14/2024 |
| NDUBUISI OKAFOR, MD | ) | |
| Defendant | ) | |
| _____ | ) | |

### MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF COCONSPIRATORS' STATEMENTS PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

**Comes Now**, Defendant, **NDUBISI OKAFOR, MD**, by and through John O. Iweanoge, II and THE IWEANOGE FIRM PC. Respectfully move this Court to make a preliminary determination on the issue of the existence of a conspiracy as alleged in Count One of the indictment and to enter a pretrial ruling on the admissibility of declarations made by alleged co-conspirators. In support thereof, the defendant states:

### Introduction

Ndubuisi Joseph Okafor, M.D., is registered with the Drug Enforcement Administration ("DEA") to prescribe controlled substances. Okafor has held a medical license in Washington, D.C., for varying periods since 1992 and a medical license in the state of Maryland until 2005.[2] He is currently licensed by the D.C. Board of Medicine.

On April 11, 2024, a federal grand jury returned an indictment against Dr. Okafor, charging him with conspiracy and twenty nine counts of illegal distribution of oxycodone and oxycodone acetaminophen (Schedule II Controlled Substances) in violation of 21 U.S.C. ss 841(a)(1) and (b)(1)(c).

**Argument**

1.  Rule 104 of the Federal Rule of Evidence provides that the trial court shall make preliminary determinations on the admissibility of evidence. It is anticipated that the government will seek to introduce substantial evidence of statements by alleged coconspirators, including of the codefendants. In order for the co-conspirator statements to be admissible as to each defendant, pursuant to Federal Rule of Evidence 801(d)(2)(E), the Court must first make a preliminary determination that a conspiracy exists and that the statements are otherwise admissible.

2.  Prior to the admission of statements made by alleged co-conspirators, pursuant to Fed. R. Evid. 801(d)(2)(E), the Court must find that:

    > "(1) a conspiracy existed[1], (2) the co-conspirator and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy." United States v. Gantt, 617 F.2d 831 (D.C. Cir. 1980); Fed. R. Evid. 801(d)(2)(E).

    The hearsay statement may be considered in finding that a conspiracy existed, but the statement may not be the sole basis for such a ruling. There must also be substantial, independent evidence of a conspiracy. United States v. Beckham, 968 F.2d 47, 50-51 (D.C. Cir. 1992); See United States v. Washington, 952 F.2d 1402, 1407 (D.C. Cir. 1991); See also Bourjaily v. United States, 483 U.S. 171, 175 (1987).

3.  The Fed. R. Evid. 801(d)(2)(E) inquiry is a preliminary question of admissibility under Fed. R. Evid. 104(a). It is within the court's discretion to choose the procedure for determining the admissibility of statements pursuant to Fed. R. Evid. 801(d)(2)(E). However, "...the better practice is for the Court to determine before the hearsay evidence is admitted that evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of

the hearsay declarations." <u>United States v. Jackson</u>, 627 F.2d 1198 (D.C. Cir. 1980); <u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979).

4.      The defendant submits that the Rule 104(a) pretrial hearing procedure should be employed in this case. The risk of confusion here is especially great given that the coconspirator statements were all likely made in Spanish or another language other than English. Absent a pretrial hearing, there exists a high likelihood, especially in light of the language issues, and the possible misunderstanding of the meaning of certain statements, that such statements will be erroneously admitted. The defendants will be irreparably prejudiced if the jury is allowed to hear evidence which is later determined to be inadmissible. Neither would a curative instruction redress the harm.

5.      Finally, the judge, and not the jury, must determine the existence and scope of the conspiracy, as well as whether the statement was made in furtherance of that conspiracy. See Fed. R Evid. 104(a) (requiring judge to determine questions of admissibility); United States V. James, 590 F. 2d 575, 580 (5th Cir.1979) (holding that under Federal Rules of Evidence, the judge alone must determine the admissibility of co-conspirator statements).

**WHEREFORE**, the defendants Dr. Okafor respectfully request that no Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Coconspirators' Statements be granted.

                                                            Respectfully submitted,
                                                            **THE IWEANOGES FIRM, P.C.**

                                         By:  _/s/JohnOIweanogeII/s/_____
                                               John O. Iweanoge, II, Esquire
                                               IWEANOGE LAW CENTER
                                               1026 Monroe Street, NE
                                               Washington, DC 20017
                                               Phone:   (202) 347-7026
                                               Fax:      (202) 347-7108
                                               Email:   joi@iweanogesfirm.com
                                               Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 17th day of June 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing and a copy of the filing to all counsel of record.

                                                            */s/JohnOIweanogeII/s/*  
                                                          John O. Iweanoge, II, Esquire