UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NDUBUISI JOSEPH OKAFOR,<br><br>Defendant. | Criminal Action No. 23-116 (JDB) |

## MEMORANDUM OPINION & ORDER

This is a drug-distribution prosecution of Dr. Ndubuisi Okafor. Before the Court is the government's motion to preclude the defense from impeaching a government witness with evidence of the witness's prior convictions. See U.S.'s Mot. in Limine to Preclude the Intro. of Gov't Witness D.E.'s Prior Convictions [ECF No. 112-4] ("Mot."). Okafor has not responded in writing but put his opposition and the reasons therefor on the record at trial today, March 13, 2025, outside the presence of the jury.

The government intends to put on the stand D.E., a witness with five prior criminal convictions, all more than ten years old. See id. at 1–2. Of these, Dr. Okafor wishes to use two to impeach D.E.: a 1996 Virginia conviction for aggravated sexual battery and a 2010 West Virginia conviction for failure to register as a sex offender.

Federal Rule of Evidence 609 governs the impeachment of "a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Under that rule, evidence of a felony conviction less than ten years old "must be admitted" unless its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 609(a)(1)(A). And for convictions during that same time period, admission is mandatory (without any balancing test) if "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). But where

1

"more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the presumption flips, such that impeachment is appropriate "only if" the evidence's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Because the rule's purpose is to permit attacks on a witness's character for truthfulness, the touchstone for probativeness is a lack of veracity: a conviction that demonstrates the witness's tendency to lie is significantly more probative than one that does not. See United States v. Crawford, 613 F.2d 1045, 1052 (D.C. Cir. 1979).

The nearly 30-year-old conviction for aggravated sexual battery readily fails Rule 609's test. Its vintage renders it quite stale. And because sexual battery (however reprehensible) does not involve a dishonest act or false statement, it bears little if at all on D.E.'s honesty. See Bradshaw v. Fletcher, Civ. A. No. 19-428 (BKS), 2024 WL 149748, at *3 (N.D.N.Y. Jan. 12, 2024) ("Crimes of sexual violence . . . lack probative value as to honesty or veracity."). The defense therefore may not impeach D.E. using the 1996 conviction.

The 2010 conviction is a closer call. It too falls beyond the 10-year line, but not so dramatically. And unlike sexual battery, the failure to register as a sex offender might sometimes involve a false statement, as one way the West Virginia statute is violated is by the knowing provision of "materially false information" by somebody required to register as a sex offender. W. Va. Code § 15-12-8(b) (2006). But the law is equally violated by the simple failure to act, without any false statement—by the "knowing[] fail[ure] to register" or "to provide a change in any required information." Id. And the simple failure to comply with a legal requirement is not itself untruthful; if it were, any crime would be untruthful. Accordingly, courts have generally found that "failure to register as a sex offender does not require . . . a dishonest act." Wiseman v.

2

Tastefully Better, Civ. A. No. 19-1441 (SEC), 2023 WL 3200229, at *6 (N.D. Ill. May 2, 2023); see also United States v. Chin, Crim. A. No. 22-87 (RCC), 2023 WL 2633594, at *5 (S.D. W. Va. Mar. 24, 2023); Dingman v. Cart Shield USA, LLC, Civ. A. No. 12-20088 (JG), 2013 WL 3353835, at *2–4 (S.D. Fla. July 3, 2013); cf. Romanelli v. Suliene, 615 F.3d 847, 850 (7th Cir. 2010) (noting that the district court precluded impeachment via conviction for failure to report as a sex offender).

Okafor points to Bakor v. Barr, 958 F.3d 732 (8th Cir. 2020), but that case does not help him for multiple reasons. Bakor held that the Board of Immigration Appeals did not act unreasonably in holding that the failure to register as a sex offender was a "crime involving moral turpitude" for purposes of the immigration laws. Id. at 737. The assessment whether a crime is one of moral turpitude is quite different from the assessment whether a crime involves a dishonest act or false statement. For instance, the moral turpitude assessment "includes consideration of the danger that the crime poses to society at large," id., while the Rule 609 inquiry focuses on truthfulness, not danger, see Crawford, 613 F.2d at 1052 ("prime" among Rule 609 considerations "is whether the crime, by its nature, is probative of a lack of veracity" (cleaned up) (quoting United States v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1977))). To be sure, the inquiries sometimes overlap. "Generally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." Zarate v. U.S. Attorney Gen., 26 F.4th 1196, 1199 (11th Cir. 2022) (cleaned up). But Bakor gave no indication that it rested on this ground, and relied instead on the registration law's importance to public safety. See 958 F.3d at 737.

Moreover, the Eighth Circuit in Bakor afforded the Board of Immigration Appeals Chevron deference, which, of course, would not be applicable here even if Chevron remained good law. See generally Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024); Quito-Guachichulca v. Garland, 122 F.4th 732, 735 & n.1 (8th Cir. 2024). And even with Chevron on its side, the Eighth

3

Circuit's holding in Bakor was idiosyncratic; most circuits reached the opposite conclusion. See, e.g., Mohamed v. Holder, 769 F.3d 885, 888–90 (4th Cir. 2014); Totimeh v. Attorney Gen. of U.S., 666 F.3d 109, 115 (3d Cir. 2012) (collecting cases).

Of course, that a conviction fails Rule 609(a)(2)'s "dishonest act or false statement" test does not necessarily mean it has no bearing at all on a witness's truthfulness. But it does cause the Court to discount the conviction's probative value significantly. And in the end, while the 2010 conviction is of some (but, as explained, not much) probative value as to D.E.'s truthfulness, it poses a serious threat of prejudice. The jury's likely takeaway would be that D.E. had committed a sex offense, not simply that he had failed to register as a sex offender. And a sex offense, maybe more than any other sort of crime, risks inflaming the jury's passion. See Willis v. Mullins, Civ. A. No. 4-6542 (AWI), 2014 WL 1154090, at *5 (E.D. Cal. Mar. 21, 2014) ("The status of sex offender is extremely prejudicial."); see also Bradshaw, 2024 WL 149748, at *3. Evidence of this conviction would thus risk undermining the principle that juries ought not "discredit witnesses because they are 'bad men,' rather than because they are biased or not credible." United States v. Tucker, 12 F.4th 804, 823 (D.C. Cir. 2021). Given the stringent test for permitting impeachment using a conviction for which the witness was released more than 10 years ago—that the conviction's "probative value, supported by specific facts and circumstances," must "substantially outweigh[] its prejudicial effect," Fed. R. Evid. 609(b)(1)—the Court will not permit impeachment using this conviction, either.

For the above reasons, the government's motion [ECF No. 112-4] is **GRANTED**.

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ /s/
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ JOHN D. BATES
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ United States District Judge

Dated: March 13, 2025