IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Vs. | * | Criminal No: 1:23-cr-00116 |
| | * | |
| NDUBUISI OKAFOR, MD | * | Sentencing: 6/26/2025 |
| Defendant | * | |
| …..………………………………………… | * | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Ndubuisi Okafor, MD by and through John O. Iweanoge, II, and THE IWEANOGES' FIRM, PC, respectfully submits his Sentencing Memorandum. We respectfully submit that a variant sentence, below the USSG guidelines in this case, will comport with 18 U.S.C. § 3553's requirement of a "sufficient, but no greater than necessary" sentence.

### INTRODUCTION

Dr. Ndubuisi Okafor now appears before the court to be sentenced for offenses for which he was found guilty by a federal jury on March 25, 2025. *"[S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance."*[1] Dr. Okafor respectfully submits this memorandum requesting that the Court consider his entire life and all that he has done in contemplating a sentence "sufficient but not greater than

---

[1] *United States v. Adelson*, 441 F. Supp.2d 506 (S.D.N.Y. 2006) ("This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant'.")

necessary" to satisfy all of the statutory purposes of sentencing.

As reflected in the PSR (ECF Doc. 156) there are strong reasons to impose a variant sentence below the USSG guidelines based on factors outlined in 18 U.S.C section 3553 (a). These reasons include Dr. Okafor's age and medical conditions, which are fully identified on pages 20, 31-32, paragraphs 81, 134-135 of the PSR.

Additionally, the substantial collateral consequences of the conviction, which include the loss of his career and in light of these and other 18 U.S.C. § 3553(a) factors, a variant sentence below the USSG guideline is sufficient but not greater than necessary to achieve the objectives of sentencing.

## DEFENDANT'S OBJECTIONS AND/OR EXCEPTION TO PSR

**OBJECTION 1:**

Dr. Okafor objects to page 9, paragraph 25, with the conclusory statement that he negotiated drug type and quantity and relies on the jury verdict in support. Additionally, there is no evidence that he prescribed oxycodone after initially prescribing non-opioid, as Tramadol is an opioid as well as Percocet.

**OBJECTION 2:**

Dr. Okafor objects to page 9, paragraph 27, as the records indicate that he was admitted for Sepsis. Also, he does not have any record or recollection of ever talking to anyone about drug abuse or DE.

**OBJECTION 3:**

Dr. Okafor objects to page 10, paragraph 28 as the autopsy report clearly links JV's death to contraindication of taking his prescribed medication, with Benadryl which was not prescribed.

**OBJECTION 4:**

Dr. Okafor objects to page 10, paragraph 29, (page 11, paragraph 35) because JV's other medical records from other providers do contain the same information in his medical record that he is alleged to have altered.

**OBJECTION 5:**

Dr. Okafor objects to page 10, paragraph 30 (page 11, paragraph 36) as he was unaware of *JV's* substance use disorder as he had no access to Virginia PDMP where he was being treated post-surgery physical and mental health providers in the Commonwealth of Virginia.

**OBJECTION 6:**

Dr. Okafor objects to page 10, paragraph 33 as he was not in any conspiracy with his patients, neither was he the organizer and leader of the operation as contemplated under USSG section 3B1.1.

**OBJECTION 7:**

Dr. Okafor objects to page 10, paragraph 34 as he did not abuse his position of trust because he did not issue prescriptions for profit which he knew would be diverted and abused by his patients.

**OBJECTION 8:**

Dr. Okafor objects to page 11, paragraph 37 because he never testified at his detention hearing and the characterization of dilapidated by his counsel has not been shown to be incorrect and will rely on ECF Doc. No. 20 and 20-1 to 20-20 in support of his position that he did not obstruct justice before Mag. Judge Upadhyaya.

**OBJECTION 9:**

Dr. Okafor objects generally to the offense level computation page 11, paragraphs 39 and

40, page 12, paragraphs 41-43. Specifically, he objects to the base offense level of 32 and drug weight on page 12, paragraph 44 because there were instances of forged prescriptions in his name that were the subject of internal investigation by CVS Pharmacy. See Ex 1 in ECF Doc. No. 154. Additionally, Connell Medical Associates filled some prescriptions under Dr Okafor's name in Virginia that is patently forgery on its face because he has never practiced nor licensed in Virginia. See Ex. 2 in ECF Doc. No. 154. Also, Healing Touch Pharmacy has over 400 prescriptions that appear on Surescript and PDMP, but defense subpoena return from Healing Touch has only about 95 prescriptions. See Ex 3 in ECF Doc. No. 154. Also, the defense subpoena returns from NewCrop yielded only few entries from 8/31/2022 through 9/22/2022. See Ex 4 in ECF Doc. No. 154. The defense recently received subpoena returns from Superscripts and are still analyzing the data in its native format to properly account for prescriptions that are attributable to Dr. Okafor. See Ex 5 in ECF Doc. No. 154.

Furthermore, page 13, paragraph 45 for mass-marketing by use of an interactive service by Dawit Wondwosen resulting in a 2-level enhancement. Also, he objects to the 2-level enhancement on page 13, paragraph 46, for maintaining his medical practice as a drug-involved premise. Dr Okafor objects to the 2-level enhancement for aggravating role for prescribing to DE and JV and primary occupation and livelihood as contained on page 13, paragraph 47. Additionally, he objects to the 2-level enhancement for abuse of a position of trust on page 13, paragraph 49.

Dr Okafor objects to the 4-level enhancement on page 13, paragraph 50 that he was an organizer or leader of a criminal activity that involved five or more participants under USSG section 3B1.1(a). Also, he objects to page 14, paragraph 51 with the resulting 2 level

4

enhancement because he did not willfully obstruct or impede the administration of justice under USSG section 3Cl.l. Finally, Dr. Okafor objects to the adjusted offense level 46 on page 14, paragraph 52 and total offense level 43 on page 14, paragraph 56.

## LEGAL FRAMEWORK

Federal sentencing is governed by 18 U.S.C. § 3553(a), which requires the sentencing court to consider a multitude of factors in determining the appropriate sentence, including, but not limited to, the defendant's background and characteristics, the need for deterrence, and the need for rehabilitation. In considering these factors, section 3553(a) directs the sentencing court to "impose a sentence *sufficient but not greater than necessary"* to comply with the purposes of sentencing as set forth in the Sentencing Reform Act (emphasis added).

It is well settled that the federal sentencing guidelines are purely advisory and that a district court may not presume a sentence within the Guidelines to be reasonable. *Gall v. United States,* 552 U.S. 38, 50 (2007). The Court must calculate the applicable Guidelines but may not rely on that range alone to determine the sentence. *United States v. Pauley,* 511 F.3d 468, 473 (4th Cir. 2007) (citing *Gall,* 128 S. Ct. at 596-97). Instead, the Court must consider all Section 3553(a) factors.

The applicable law for individual sentencing factors will be discussed in greater detail below.

## FACTUAL BACKGROUND

### A. Dr. Okafor's background and upbringing.

Dr. Ndubuisi Joseph Okafor is 65 years old, and a resident of Prince Georges County, Maryland. His history and characteristics are accurately reflected in the PSR pages 18-20, paragraphs 64-

78.

## THE SENTENCING GUIDELINES

The PSR on pages 11 - 14, paragraphs 39 - 5, calculates Dr. Okafor's final offense level as 43. The advisory sentencing range is based on this offense level, and Criminal history category II is life. However, pursuant to U.S.S.G section 5 G 1.1(c), because the statutorily authorized maximum sentence is less than the maximum of the applicable guidelines range, the statutorily authorized sentence should be imposed, that is, 240 months per count of conviction.

As the Court is well aware, the guidelines are now advisory only, meaning they are one among several factors for the sentencing Court to consider. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Price*, 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that *Booker* excised the mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including the application of Guidelines, remains in effect). As the *Price* Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." *Id.* at 442 (citing § 3553(a)).

The most important consideration for the District Court in sentencing Dr. Okafor must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). See e.g., United States v. Minisro-Tapia 470 F.3d 137, 142 (2d Cir. 2006); *United States v.*

*Yopp*, 453 F.3d 770, 774 (6th Cir. 2006); United States v. Rodriguez-Rodriguez, 441F.3d 767, 770 (9th Cir. 2006); United States v. Ranum, 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is whether the sentence is reasonable, that is <u>not</u> the standard for the District Court. United States v. Collington, 461 F.3d 805, 807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).

The following § 3553(a) strongly supports a variant sentence in this case:

A.      The §3553(a) Sentencing Mandate

When sentencing a defendant, a district court is bound to follow the dictates of 18 U.S.C. §3553(a). Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
> (B) to afford adequate deterrence to criminal conduct.
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

>    (3) the kinds of sentences available.
>    (4) the advisory guideline range.
>    (5) Any pertinent policy statements issued by the Sentencing Commission.
>    (6) the need to avoid unwarranted sentence disparities; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). Neither the statute itself nor <u>Booker</u> suggests that any one of these factors is to be given greater weight than any other factor. <u>Booker</u>, 543 U.S. at 245-46. However, all factors are subservient to §3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The overriding principle and basic mandate of §3553(a) requires district courts to impose a sentence that is "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in §3553(a)(2). This principle is known as the "parsimony provision," which mandates district courts to impose the minimum punishment needed to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant. <u>See</u> <u>United States v. Williams</u>, 475 F.3d 468, 476-77 (2nd Cir. 2007); <u>United States v. Ferguson</u>, 456 F.3d 660, 667 (6th Cir. 2006); <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3rd Cir. 1989). While district courts must, in all cases, "consider" the guideline range, <u>Booker</u>, 543 U.S. at 245-46, the guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-*Booker*." <u>United States v. Ferguson,</u> 456 F.3d 660, 667 (6th Cir. 2006).

A. **Application of the Section 3553(a) Principles and Factors of this Case**

Dr. Okafor was found guilty by a jury on Counts 1,2,4 and 8 through 28 and acquitted on Counts 3,5,6,7 and 29 of the second superseding indictment. The probation

officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 43. This offense level, when combined with Dr. Okafor's criminal history category of II, results in a guideline imprisonment range of life. Dr. Okafor incorporates by reference as if fully set forth herein PSR page 26, paragraphs 108 through 110.

I.      **The Nature and Circumstances of the Offense**

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Dr. Okafor's role in the offense, one-time prior contact with the United States Criminal Justice System, his age, and documented history of medical conditions require a variant reasonable sentence below the guideline range in this case.

The Court must consider the "nature and circumstances of the offense" in determining the sentence to be imposed. 18 U.S.C. 3553(a)(l). Because "atypical cases were not adequately taken into consideration" by the Guidelines, "factors that may make a case atypical provide potential bases for departure. *Koon v. United States,* 518 U.S. 81, 94 (1996) (quoting Guidelines).

II.     **The Circumstances, History, and Characteristics of the Defendant Support a Sentence below the Guidelines Range**

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. In determining the particular sentence to be imposed, 18 U.S.C. 3553(a)(l) directs the Court to consider the "history and characteristics of the defendant." Accordingly, any sentence within the Guidelines range would be far greater than necessary to achieve the 3553 sentencing goals, and a reasonable variant sentence below the guideline is warranted.

Dr. Okafor has ties with his family. Dr. Okafor is a 65-year-old man and father of two children and incorporates by reference as if outlined herein on pages 18-19, paragraphs 64 through 70, and his history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553. Dr. Okafor has been a loving and supportive father to his wife and children.

More generally, courts have recognized that a defendant's devotion to his family is a factor that supports leniency at sentencing. United States v. Diambrosio, No. CRIM. A. 04-66, 2008 WL 732031, at *3 (E.D. Pa. Mar. 13, 2008) (basing downward variance from advisory 46-57 months to five years' probation based, in part, on the defendant's devotion to his children and family members). The Court can and should consider Dr. Okafor's record with respect to his family as a significant sentencing factor. e.g., United States v. Autery, 555 F.3d 864, 874 (9th Cir. 2009) (family support one of several valid grounds for downward variance from 41-51 months to probation); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (family support one of three valid reasons for 91-month downward variance); United States v. Parker, 2011 WL 6013073, at *2-3 (D.N.M. Nov. 23, 2011) (citing that Parker has a "supportive family structure" in granting a I-level downward variance); United States v. Cernik, 07- 20215, 2008 WL 2940854, at *6, 10 (E.D. Mich. July 25, 2008) (noting that "defendant has a solid support structure in his family" in imposing a non-guidelines probation sentence from 46-57 months).

Under § 3553(a)(l) and § 3661, the Court has broad discretion to take account of such, whether exceptional or non-exceptional, and whether personal or public in nature. United States v. Thurston, 544 F.3d 22, 25-26 (1st Cir. 2008) (upholding downward variance from advisory range of 63-78 months to three months of

incarceration followed by 24 months of supervised release, in part based on defendant's "charitable work, community service, generosity with time, and spiritual support and assistance to others."); see also United States v. Serafini, 233 F.3d 758 (3d Cir. 2000) (upholding a downward departure to an individual who encouraged a young man to attend college and loaned him money); United States v. Cooper, 394 F.3d 172, 177 (3d Cir. 2005)(upholding a downward departure for defendant's good works that were personal in nature).

**III.     A Sentence below the Guidelines range is needed to avoid Unwarranted Disparity**

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposing a sentence inside the guideline range would increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG. The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If...a particular case presents a typical feature, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. 3553(a)(6) instructs the Court to impose a sentence that avoids unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim. See Feinberg, Federal Criminal Sentencing Reform: Congress and the United States Sentencing Commission, 28 Wake Forest L.Rev. 291, 295-296 (1993) ("The first and

foremost goal of the sentencing reform effort was to alleviate the perceived problem of federal criminal sentencing disparity. Quite frankly, all other considerations were secondary."). Following *Booker*, most courts hold that this factor looks to "national disparities between defendants with similar records who have been found guilty of similar conduct – not disparities between codefendants. United States v. Contser, 514 F,3d 508, 521 ( 6th Cir. 2008)

In this case, Dr. Okafor's PSR reports a total offense level of 43 and guideline range of life, with a recommendation that he be sentenced to 18 years of incarceration, which is the low end of the guideline because the statutory maximum is 240 months. However, imposing a sentence of 18 years would result in sentence disparities with other defendants with similar records, and offense level, because of his age, as the risk of recidivism is very low in light of various studies by the sentencing commission.

The sentencing statistics compiled by JSIN according to the PSR writer has insufficient number of defendants whose primary guideline was 2D1.1 and other was the primary drug type with a final offense level of 43 and a criminal history of II after excluding defendants who received 5K departure and who received a sentence of imprisonment in whole or in part, necessitating that a variant sentence is reasonable.

Defendant requests a variance substantially below the low end of the guidelines.

IV.    **There is no need for specific deterrence.**

When considering whether any term of imprisonment is necessary to deter Dr. Okafor specifically, we must first examine his attitude toward his offense and his

12

willingness to undergo rehabilitation. He has been incarcerated since his arrest in April 2023.

Moreover, it is well-recognized that the certainty and swiftness of punishment play a far greater role than the severity of punishment. The consequences of this offense have been both immediate and significant for Dr. Okafor. Simply put, a term of long imprisonment is not necessary in this case to afford specific deterrence because Dr. Okafor has already been deterred, with the immediate loss of his DEA license, suspension of his DC medical license to practice and inability to practice medicine in the future, which is the only thing that he has always done and cannot learn a new profession at his old age of 65 years.

V.   **The Court Should Also Consider the Collateral Consequences of the Conviction.**

On this basis, the court should grant Dr. Okafor a downward variance because collateral consequences have already punished him since he has lost his ability to practice his lifelong profession-medicine. This means that he would lose his business and all he has spent his lifetime acquiring. See U.S. v. Redmann, 295 F. Supp. 2d 887, 894-97 (E.D. Wis. 2003)(departing downward where defendant suffered collateral consequences from conduct including loss of his business); see also U.S. v. Samaras, 390 F. Supp. 2d 805, 809 (E.D. Wis. 2005)(where defendant convicted of fraud, sentence below guideline warranted in part because "as a consequence of his conviction and sentence, defendant lost a good public sector job, another factor not considered by the guidelines").

Therefore, the Court should grant Dr. Okafor a downward variance because he has already been punished by the collateral consequences enumerated above.

## CONCLUSION

A variant sentence below the USSG guideline, PSR recommendation and statutory maximum is sufficient in this case to achieve just punishment. Public prosecution and conviction, in itself, is a substantial punishment. See, e.g., United States v. Stewart, 590 F.3d 93, 141 (2d Cir. 2009) ("[T]he need for further deterrence and protection of the public is lessened because the conviction itself already visits substantial punishment of the defendant"); United States. v. Smith, 683 F.2d 1236, 1240 (9th Cir. 1982) ("The stigma of a felony conviction is permanent and pervasive."); United States v. Prosperi, 686 F.3d 32 (1st Cir. 2012) ("Sometimes [courts do not] fully recognize the anguish and the penalty and the burden that persons face when called to account, as these men are, for the wrong that they committed."); United States v. Wulff, 758 F.2d 1121, 1125 (6th Cir. 1985) ("[A] felony conviction irreparably damages one's reputation.").

A simple Google search of Dr. Okafor's name returns a press release from the United States Attorney's Office detailing the offense conduct. It is a fact of modern life that people turn to the internet to "look up" who they are dealing with, both socially and professionally. In addition to the consequences of a serious drug related felony conviction, the proposed variant sentence below the guidelines and supervised release is itself a substantial punishment.

The sentencing court in Gall, whose decision was extensively quoted and upheld by the Supreme Court, called even probation sentence a "substantial restriction of freedom." Gall, 552 U.S. at 44. The district court in Gall explained that Mr. Gall's

freedom would be severely limited in a number of ways and would be backed up by harsh consequences in the event of a violation of the conditions imposed. Id.; see also United States v. Knights, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled.'" (quoting Griffin v. Wisconsin, 483 U.S. 868, 874, (1987)). The same is true here.

Given the harsh consequences that Dr. Okafor has already endured since his pretrial detention since April 2023 and will continue to endure, a variant sentence below the guideline is sufficient to achieve the objectives of promoting respect for the law, reflecting the seriousness of the crime, and imposing just punishment.

For all of the foregoing reasons, a variant sentence below the USSG guideline range is sufficient, but not greater than necessary to achieve all of the goals of sentencing under the specific facts of this case.

Respectfully submitted,
THE IWEANOGES FIRM, P.C.

By: /S/JohnOIweanoge/S/
    John O. Iweanoge, II (DCB#:439913)
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: joi@iweanogesfirm.com
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) constituting service to all interested parties and attorneys of record.

Dated: 17th day of June 2025.    /S/JohnOIweanog/S/
John O. Iweanoge II